IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:08-CR-101-FL-1
7:10-CV-113-FL

| | | |
|---|---|---|
| RICHARD F. WILLIAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 31) and motion to appoint counsel (DE # 38). Also before the court is the motion to dismiss, or in the alternative, motion for summary judgment (DE # 34) filed by respondent the United States of America. In this posture, these matter are ripe for ruling. For the reasons that follow, the court grants respondent's motion to dismiss in part and denies it in part. The court denies petitioner's motion to appoint counsel.

## STATEMENT OF THE CASE

On March 9, 2009, petitioner entered a plea of guilty, pursuant to a written plea agreement, to armed robbery in special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C.§ 2111.

On June 5, 2009, the court sentenced petitioner to a term of one hundred eighty (180) months imprisonment and a three year term of supervised release. The court also ordered petitioner to pay four hundred five dollars ($405.00) in restitution and a special assessment of one hundred dollars

($100.00). Petitioner waived his right to file an appeal in his plea agreement and did not file a direct appeal.

Petitioner filed his § 2255 petition on June 4, 2010, asserting he received ineffective assistance of counsel. Petitioner also alleges that his indictment was invalid because it failed to state the proper elements of the crime and that jurisdiction was proper in state court and not federal district court.

On July 22, 2010, respondent filed a motion to dismiss, or in the alternative, motion for summary judgment, arguing that petitioner failed to state a claim upon which relief may be granted. Petitioner filed both a response and a supplemental response to respondent's motion.

## DISCUSSION

I.  Motion to Appoint Counsel

There is no constitutional right to counsel in § 2255 cases. See Vandenades v. United States, 523 F.2d 1220, 1225-1226 (5th Cir. 1975); Smith v. Clerk's Office, United States Courthouse, 194 F.3d 1305, 1999 WL 760450, *1 (4th Cir. Sept. 24, 1999). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. The request has been reviewed and the undersigned finds that this case does not presently require appointment of counsel. Therefore, the motion for appointment of counsel is DENIED.

II.  Motion to Dismiss

   A.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the petitioner," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

   B.   Analysis

      1.   Challenge to Indictment and Court's Jurisdiction

Petitioner alleges that his indictment was invalid and that the court does not have jurisdiction over this action. Petitioner entered his plea of guilty pursuant to a plea agreement, which contained an appellate waiver in which petitioner agreed:

To waive knowingly and expressly the right to appeal whatever sentence is imposed

3

on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

DE # 23 at 1. The court advised petitioner about this appellate waiver during his Rule 11 colloquy, and the waiver is valid. See United States v. Wiggins, 905 F.2d 51, 53–54 (4th Cir. 1990).

Based upon the language in the appeal waiver, only claims of ineffective assistance of counsel and certain claims of prosecutorial misconduct are outside of the scope of petitioner's waiver. Petitioner's claims involving the sufficiency of the indictment and the court's jurisdiction do not fall within these excepted claims, and are within the scope of his waiver. Because petitioner waived these claims in his plea agreement, they are not reviewable in a post-conviction action. See United States v. Guerra, 70 F.3d 113, 1995 WL 674594, *1 (4th Cir. Nov. 14, 1995); United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005) (holding that a defendant may waive in a plea agreement his right under 28 U.S.C. § 2255 to attack his conviction and sentence collaterally). Therefore, respondent's motion to dismiss these claims is GRANTED.

    2.    Ineffective Assistance of Counsel

The court now considers petitioner's ineffective assistance of counsel claims because they were not waived by petitioner's guilty plea. Generally, a claim for ineffective assistance of counsel is resolved by application of the widely accepted two-part analysis announced in Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must demonstrate that his counsel's acts or omissions fell outside the range of reasonably competent assistance. Id. at 690. If the petitioner establishes that his counsel's performance fell outside the acceptable range, he must then satisfy

4

Strickland's second prong by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner claims his counsel was ineffective because she did not challenge the court's jurisdiction over this action. Petitioner asserts that the state of North Carolina and not the United States has jurisdiction over this action. Petitioner pleaded guilty to armed robbery in special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 2111. Section 2111 provides:

> Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

Here, petitioner was charged with armed robbery in the parking lot of Marine Federal Credit Union. Petitioner robbed the victims of their vehicle and personal belongings. The Marine Federal Credit Union was located on exclusive federal jurisdiction. Accordingly, petitioner's actions fall within the prohibitions of § 2111. Petitioner has not alleged any facts to negate federal jurisdiction or to support jurisdiction in State court. Thus, petitioner has not demonstrated that his counsel acted unreasonably, nor has he demonstrated prejudice. Thus, this ineffective assistance of counsel claim is without merit, and respondent's motion to dismiss this claim is GRANTED.

In addition to the above-stated ineffective assistance of counsel claims, petitioner alleges his counsel: (1) failed to investigate a defense based upon petitioner's mental incompetence on the night of the offense; (2) failed to move for a downward departure pursuant to U.S.S.G. § 5K2.13 based upon his reduced "mental capacity"; (3) allowed him to plead guilty despite his alleged mental incapacity and history of drug abuse; and (4) failed to challenge the sufficiency of his indictment.

5

Respondent argues in its motion to dismiss that petitioner's remaining ineffective assistance of counsel claims should be dismissed because petitioner has not met his burden under Strickland to demonstrate that his counsel was ineffective. However, respondent has not provided factual or evidentiary support, beyond its conclusory allegations, for its contention. Accordingly, respondent's motion to dismiss as to these remaining ineffective assistance of counsel claims is DENIED.

## CONCLUSION

For the reasons stated, respondent's motion to dismiss (DE # 34) is GRANTED in part and DENIED in part. The motion is GRANTED with respect to petitioner's claims challenging his indictment and the court's jurisdiction. The motion also is GRANTED as to petitioner's ineffective assistance of counsel claim asserting his counsel was ineffective because she failed to challenge the court's jurisdiction. The motion is DENIED as to petitioner's remaining claims. The court ALLOWS respondent twenty-one (21) days to file a motion for summary judgment addressing petitioner's remaining ineffective assistance of counsel claims. Petitioner thereafter is ALLOWED twenty-one (21) days to respond. Petitioner's motion to appoint counsel (DE # 38) is DENIED.

SO ORDERED, this the 6th day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge

6

Case 7:08-cr-00101-FL   Document 44   Filed 10/20/11   Page 6 of 6